CARL LESSER, Plaintiff in Error, v. THE PEOPLE OF THE STATE OF NEW YORK, Defendants in Error.

*Obtaining goods on false pretenses— what justifies conviction of.*

On August twenty-eighth, the plaintiff in error and one Melville purchased certain jewelry, of the value of $255. At the time of sale Melville said: "I will go and bring the money." He returned with a check on the Chemical Bank for $255, to his order, made by August P. Steinbach, dated August twenty-ninth. Upon the vendor remarking that it was dated the next day, Melville said: "Yes; it is too late to go to the bank." It was then half past three. Both plaintiff in error and Melville said the check was good; the check was not paid, and it appeared that no person of the name of the drawer then kept, or ever had kept, an account there. Plaintiff in error was subsequently convicted for obtaining goods by false representations.

*Held,* that the understanding of the parties was that the price was to be paid at the time of sale and not at a future day; that the goods were sold not upon the representation that money to meet the check would be deposited at the bank at some future time; but that the check was then good, and the money on deposit to pay it, and that the plaintiff in error was properly convicted.

Writ of error to the Court of General Sessions of the city and county of New York to review the conviction of the plaintiff in error of the offense of obtaining goods by false pretenses.

Lesser was jointly indicted with one Charles H. Melville for obtaining property by false pretenses. Melville was not found. Lesser was tried and convicted at the October term, and was sentenced to the State prison for a term of two years.

A woman named Yetta Georges, living at 111 Second street, had a quantity of jewelry remaining from the stock of a shop formerly conducted by herself and husband on Broadway. Lesser and Melville went to Second street to buy. Madame Georges had known Lesser about a month. Melville she had never seen. They examined the jewelry, but did not purchase the first day. They returned the following day (August twenty-eighth) at two o'clock in the afternoon, when Mr. Georges was absent, selected and purchased jewelry of the value of $255.

Melville then said: "I will go and bring the money." After a short time he returned, bringing a check, of which the following is a copy: ,

"NEW YORK, *August* 29, 1877.
"No. 756.   (Check stamp.)

"The Chemical National Bank of the city of New York, pay in current funds to C. H. Melville, or bearer, two hundred and fifty-five dollars ($255.00).

"AUGUST P. STEINBACH.
"Indorsed : ' C. H. MELVILLE.' "

This check he offered in payment for the goods purchased.

The complainant's sister, Rosa Bradenbach, observed and remarked that the check was dated the following day, to which Melville replied; " Yes; it is too late to go to the bank." It was then half past three o'clock.

Both Melville and Lesser said to the women that the check was " good," and that Steinbach " had a business." Madame Georges then took the check and delivered the jewelry to Melville and Lesser, who took it away. Upon presenting the check at the Chemical Bank the following morning, it was discovered that no such person as August P. Steinbach was known there ; nor had any such person ever had an account in that bank. The check was worthless. Steinbach could not be found, nor his " business."

*W. F. Kintzing*, for plaintiff in error.   To constitute the crime of obtaining property by false pretenses under the statute, two things are essential :   1.  A false representation as to a past or an existing fact.   2.  And a reliance upon that representation as true.   (*People* v. *Tompkins*, 1 Parker, C. R., 224.)   The false pretense must be of some present existing fact, and not of some future event or a mere promise.   (*Rex* v. *Porter*, 2 Moody 1 [Crown Cases] ; *Corn* v. *Drew*, 19 Pick., 179 ; *McKenzie* v *The State*, 6 Eng., 594 ; *Burrows* v. *The State*, 7 id., 65 ; *Reg.* v *Wooley*, 1 Den. C. C., 559 ; *Reg.* v. *Henderson*, Car. & M., 328 1 English L. & Eq., 537 ; *Dillingham* v. *The State*, 5 Ohio, 280 Wharton Am. Cr. Law [7th ed., vol. 2], 2118 ; Russell on Crimes [6th ed., vol. 2], 300 ; Roscoe Cr. Ev. [7th ed.], 478 ; Bishop Cr Law [5th ed., vol. 2], 479.)   The check in the case at bar was post dated, it was to be honored the day following its delivery.   Such a pretense is referable to a future event, and is in the nature of a promise that the check should be paid.   It is not a pretense of an

existing fact. It is a promise and not a pretense. (_Ranney_ v. _The People_, 22 N. Y., 417 ; _Rex_ v. _Lee_, L. & C., 309 ; Bishop Cr. Law [5th ed., vol. 2], 419.) The giving of a post-dated check is a promise and not a pretense. A promise is not a pretense. (_Rex_ v. _Goodhall_, Russell & Ryan, 461 ; _Tefft_ v. _Windsor_, 17 Mich., 486 ; _Rex_ v. _Douglas_, 1 Moody, 462 [Crown Case] ; _Rex_ v. _Bradford_, 1 Ld. Raym., 366 ; _Glockan_ v. _The Com._, 3 Met. [Ky.], 232.)

_Horace Russell_ and _B. K. Phelps_, attorneys for defendant in error. It is well settled that the presentation of a check upon a purchase of goods for cash, amounts to a representation that it is a good and valid order for the sum named in it, and that such sum is on deposit at the bank to meet it. (_Rex_ v. _Jackson_, 3 Camp., 370 ; _Rex_ v. _Parker_, 7 Car. & P., 825 ; id., 2 Moody, 1 ; Bish. Cr. Law, vol. 2, § 421 ; Russell on Crimes [last ed., vol. 2], 640 ; Archbold's Cr. Practice and Pleading [Pomeroy's ed., vol. 2], 1388.)

INGALLS, J. :

This case comes before this court on writ of error. The said Carl Lesser was jointly indicted with one Charles H. Melville, for obtaining property by false pretenses, and was tried upon such indictment, at a Court of Sessions held in and for the city and county of New York, convicted and sentenced to the State prison for the term of two years.

The purchase of the jewelry to the value of $255, was made on the 28th day of August, 1877, at which Melville stated in the presence of Lesser, "I will go and bring the money." After a short time he returned bringing a check, of which the following is a copy :

"No. 756.　　　　　　　　　　　NEW YORK, _August_ 19, 1877.
[Check stamp.]

" The Chemical National Bank of the city of New York.

" Pay in current funds to C. H. Melville or bearer, two hundred and fifty-five dollars.
$255.　　　　　　　　　　　　AUGUST P. STEINBACH."
　　Indorsed : ' C. H. MELVILLE.' "

This check was offered in payment for the goods, and Rosa Bradenbuck, who made the sale, remarked that the check was

dated the following day, to which Melville replied, "Yes, it is too late to go to the bank." It was then half-past three o'clock. Both Melville and Lesser said that the check was *good* and that Steinbach *had a business.* The check was presented at the Chemical bank on the morning of the twenty-ninth of August, and it was ascertained that there were no funds to pay it and that no such person as August P. Steinbach was known there, or had ever had an account with the bank. The check proved worthless and Steinbach could not be found. The transaction was a gross fraud and the punishment deserved. But the prisoner had a right to insist that it shall not be administered contrary to law, and in this he is right. It will be observed that this was not a purchase to be paid for at a future day, but at the time; so it was clearly understood by all the parties. Melville said, "I will go and bring the money," and went away, but soon thereafter returned with the check, tendered it, saying it was "good;" attention being called to its date, he remarked that it was so dated, because it was out of bank hours. From the evidence it cannot be doubted, but that all the parties understood that the check was drawn upon a fund then deposited in the bank, and not to depend upon the state of an account at a future day. Every circumstance justifies this inference. If this purchase had been made, and nothing said in regard to the time of payment, and the check had been accepted, a very different case would be presented for determination. The facts of this case fairly construed, establish a false representation in regard to an existing fact. The goods were not purchased upon a pretense that they would be paid for at a future day, nor that the money to meet the check, would be deposited at the bank at some future time, but, on the contrary, that the check was then good and the money on deposit to pay the same. Suppose the check had been, by mistake, dated the twenty-ninth of August, could there be a doubt but that the error could be explained, and the instrument declared as of the same effect as if correctly dated? Should a more stringent rule be adopted in favor of a person who has been guilty of a gross fraud, and against an innocent party, who has been induced by such fraud to accept the check in question, under the representations and pretenses above mentioned, as the substitute for money then due, and not to become payable at a future

day? The case of *Rex* v. *Parker* (7 Car. and P., 825), where the prisoner purchased a watch and chain on the twenty-seventh of December, and gave his check drawn upon a British bank in payment, dated sixth of January following, post-dated for his own convenience. He was convicted and the same was sustained upon a count of the indictment charging that the prisoner falsely pretended that the check was a good and valid order for twenty-five pounds of the value of twenty-five pounds.

This decision fully sustains the conviction in the case at bar, and we discover no substantial reason for disturbing it. And the same should be affirmed and a new trial denied.

DAVIS, P. J., concurred.

Present — DAVIS, P. J., and INGALLS, J.

Judgment affirmed.